**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| IN RE:                                   ) | CASE NO. 20-02895-5-DMW |
|                                          ) | CHAPTER 13 |
| MICHAEL KREG SHEPPARD,    ) | |
|                                          ) | |
|     DEBTOR,                         ) | |
|                                          ) | |
| _____ ) | |
|                                          ) | ADVERSARY PROCEEDING NO. |
| NATIONWIDE JUDGMENT   ) | 20-00135-5-DMW |
| RECOVERY, INC.                 ) | |
|                                          ) | |
|     Plaintiff,                         ) | |
|                                          ) | |
|         vs.                              ) | |
|                                          ) | |
| MICHAEL KREG SHEPPARD,    ) | |
|                                          ) | |
|     Defendant.                      ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

NOW COMES Defendant Michael Kreg Sheppard, ("Defendant" or "Mr. Sheppard") by and through undersigned counsel, and hereby submits this memorandum in support of his Motion to Dismiss Plaintiff's Complaint to Determine Dischargeability of Debt pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this Adversary Proceeding ("AP") by Federal Rule of Bankruptcy Procedure 7012(b).

### I. NATURE OF THE MATTER BEFORE THE COURT.

This AP contains one cause of action to determine the dischargeability of an alleged claim brought under 11 U.S.C. § 523(a)(2)(A) (D.E. No. 1). Defendant has filed a Motion to Dismiss pursuant to Rule (12)(b)(6). As a result of a Securities and Exchange Commission action titled *Securities and Exchange Commission v. Rex Venture Group, LLC d/b/a www.ZeekRewards.com,* Civil Action No. 3:12-cv-519 to shut down a Ponzi scheme, operated by Rex Venture Group, LLC d/b/a www.ZeekRewards.com ("ZeekRewards"), the United States District Court for the Western District of North Carolina appointed Kenneth D. Bell as receiver of the estate of ZeekRewards and authorized him to initiate legal proceedings seeking the avoidance of fraudulent transfers, disgorgement of profits and other legal and equitable relief necessary to recover assets for the benefit of the

receivership estate, known as clawback actions. Matthew E. Orso succeeded Kenneth Bell as the Receiver (D.E. No. 1 at ¶ 8) (Kenneth Bell and Mathew Orso are collectively referred to as the "Receiver").

Mr. Sheppard invested in the ZeekRewards Ponzi scheme and was a "net winner" – simply meaning that he received more money back from the Ponzi scheme than he originally invested (D.E. No. 1 at ¶ 9). As such, Mr. Sheppard was found to be a member of the "Net Winner Class" in a clawback action filed by the Receiver in *Bell v. Disner*, Case No. 3:14-cv-00091(W.D.N.C. 2017). The case was initiated to recapture money paid to the net winners of the fraudulent scheme. The complaint in *Bell v. Disner* asserted claims for violation of the North Carolina Uniform Fraudulent Transfer Act, Common Law Fraudulent Transfer and Constructive Trust as a result of the Ponzi scheme that operated in violation of federal securities law. (D.E. No. 1 at ¶¶ 10 and 11). On November 26, 2016, the District Court granted the Receiver's motion for summary judgment against the remaining named defendants and partial summary judgment against the net winner class. In the order, the District Court found that ZeekRewards operated as a Ponzi scheme and that the defendants' transfers in furtherance thereof were violations of N.C. Gen. Stat. § 39-23.4(a)(1), and the North Carolina Uniform Fraudulent Transfer Act ("NCUFTA") (D.E. No. 1 at ¶¶ 13-14)[1]. The District Court further found that the intent to defraud can be presumed under the so-called "Ponzi scheme presumption" when transfers are in furtherance of a Ponzi scheme. A final judgment was entered against the Net Winner Class by the District Court on August 14, 2017 including Mr. Sheppard. The Final Judgment entered against Mr. Sheppard found that he received $33,625.76 in net winnings from ZeekRewards (D.E. No. 1 at ¶¶ 15 through 19).

On December 17, 2019 Nationwide Judgment Recovery, Inc. ("Nationwide"), the Plaintiff herein, was assigned the full portfolio of judgments claimed against more than 6,700 Net Winners who invested and participated in ZeekRewards. (D.E. No. 1 at ¶ 20).

On August 21, 2020, Mr. Sheppard filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Nationwide is listed as an unsecured creditor in the schedules and was notified of the bankruptcy case. However, Nationwide did not file a proof of claim in the Chapter 13 case and the deadline for doing so expired on October 20, 2020. Nationwide filed this AP on November 25, 2020 seeking a determination that the judgment against Mr. Sheppard is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## II. STANDARD FOR DISMISSAL.

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." However, Rule 9(b) of the Federal Rules of Civil procedure states that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." If a complaint fails to meet this threshold

---

[1] A copy of the District Court's Order is attached to the A.P. Complaint as Exhibit C, and may also be found at *Bell v. Disner,* 2016 U.S. Dist. LEXIS 16438 (W.D.N.C. 2016).

obligation, the action should be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, *Hunt v. Republican Party*, 510 U.S. 828 (1993).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court held that a complaint must include "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007): *see also Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013). The Court elaborated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and that "only a complaint that states a plausible claim for relief survives a motion to dismiss." The allegations must be more than a "formulaic recitation of the elements" of a claim. *Id.* at 681.

Dismissal under Rule 12(b)(6) is proper when, from the face of the complaint, it is clear that the plaintiff's claims are not supported by law, that one or more facts necessary to assert a valid claim have not been pled, or that facts exist that necessarily defeat plaintiff's claims.

### III.  ARGUMENT

Nationwide's entire claim that the judgment against Mr. Sheppard should be found nondischargeable is based on the premise that the Ponzi scheme presumption should apply to determine dischargeability issues in bankruptcy cases. This position is fatally flawed and totally unfounded. Use of the Ponzi scheme presumption in fraudulent transfer, disgorgement or other clawback litigation to determine fraud is radically different than applying that same presumption in bankruptcy dischargeability litigation.

Nationwide brings its claim under 11 U.S.C. § 523(a)(2)(A) which states, in pertinent part as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> …
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . .

11 U.S.C. § 523(a)(2)(A). Thus, to prevail on a determination of nondischargeablity under § 523(a)(2)(A) it must be shown that either money, property, services, or credit was "obtained by" false pretenses, a false representation or actual fraud. Interpreting this phrase, the Fourth Circuit determined the following:

> The plain language of a subsection under which [the creditor] seeks relief requires the debtor to have obtained money, property, services, or credit

> through her fraud or use of false pretenses. It is clear from the structure of the phrase that "to the extent obtained" modifies the money, property, services, or credit that constitute the debt. A plain reading of this subsection demonstrates that Congress excepted from discharge not simply any debt incurred as a result of fraud but only debts in which the debtor used fraudulent means to obtain money, property, services, or credit. Structurally, the subsection can have no other meaning.

*Nunnery v. Rountree (In re Rountree)*, 478 F.3d 215, 219 (4th Cir. 2007); s*ee also, Beaubot v. Medlin (In re Medlin),* 611 B.R. 547 (Bankr. E.D.N.C. 2019) (an essential requirement of nondischargeablity under 11 U.S.C. § 523(a)(2)(A) is that the debtor obtain money, property or services or an extension, renewal, or refinancing as a result of the false pretenses or actual fraud) and *Gurley et al. v. Harris (In re Harris)*, AP No. 17-00094-5-DMW (Doc. No. 19, Bankr. E.D.N.C. March 28, 2019) (this Court's Order denying summary judgment and following the *Rountree* decision). In this case, Mr. Sheppard did not obtain any money, property services or credit from Nationwide or the Receiver in the *Bell v. Disner* case. The only funds he received were from ZeekRewards; the entity perpetrating the Ponzi scheme. It is clear from a plain reading of the Complaint that Mr. Sheppard received payments on his investments from ZeekRewards which were greater than his original investment, thus making him a net winner in the scheme. Those payments were subject to clawback by the ZeekRewards' Receiver where the court relied on the Ponzi scheme presumption. However, the receipt of those payments from ZeekRewards was not the result of any false pretenses, false representation, or actual fraud of Mr. Sheppard. The District Court's order allowing partial summary judgment against the net winner class defendants was grounded in the application of the Ponzi scheme presumption, not any finding of false pretenses, false representation, or actual fraud. Furthermore, while there is a bare allegation that the Debtor knew at the time of his participation in the ZeekRewards Ponzi scheme that he was committing fraud, there are no supporting facts whatsoever in the Complaint to indicate that he knew he was investing in a Ponzi scheme. (See D.E. 1 at ¶¶ 31 and 32).

In contrast to fraudulent conveyance, disgorgement and clawback claims where the Ponzi scheme presumption may be applied, it has long been held that when determining whether a particular debt falls within one of the exceptions of § 523, the statute should be strictly construed against the objecting creditor and in favor of the debtor. *See Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998) ("[E]xceptions to discharge should be confined to those plainly expressed" (internal quotation marks omitted)); *Jett v. Sicroff* (*In re Sicroff*), 401 F.3d 1101, 1104 (9th Cir. 2005); *In re Sandoval*, 541 F.3d 997, 1001 (10th Cir. 2008) ("Exceptions to discharge are to be narrowly construed, and because of the fresh start objectives of bankruptcy, doubt is to be resolved in the debtor's favor." (quotation omitted)). *see also* 4 Collier on Bankruptcy ¶ 523.05 (2016) ("Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system").

In *Sherman v. SEC (In re Sherman)*, the Ninth Circuit Court of Appeals in addressing a similar issue stated:

> We also recognize that the Bankruptcy Code "limits the opportunity for a completely unencumbered new beginning to the 'honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991). Taken together, these two basic principles suggest that exceptions to discharge should be limited to dishonest debtors seeking to abuse the bankruptcy system in order to evade the consequences of their misconduct.

*Sherman v. SEC (In re Sherman)*, 658 F.3d 1009, 1015-1016 (9th Cir. 2011). In *Sherman* the court reviewed the application of § 523(a)(19) in a Chapter 7 bankruptcy.[2] Section 523(a)(19) excepts from discharge debts that are "for the violation of any of the Federal securities laws . . ." 11 U.S.C. § 523(a)(19). The court held that the statute does not establish a basis to except a debt from a debtor's bankruptcy discharge unless the debtor himself was culpable for a violation of either the federal or state securities laws. The court sated as follows:

> [I]f we adopt the government's interpretation of § 523(a)(19), an innocent recipient of funds obtained by another party's participation in a securities violation can not only be ordered to disgorge, but must also continue paying off that debt even if he becomes insolvent and is forced to file for bankruptcy. Although we do not dispute . . . that a court may order recipients of these funds to disgorge any funds that remain in their possession, we do not think Congress wanted to immunize these debts from discharge in bankruptcy, when the debtor has not been found guilty of any wrongdoing.

*Sherman*, 658 F.3d 1016. This AP was brought under § 523(a)(2)(A), which requires a showing of actual fraud, presumably because § 523(a)(19) is not applicable in Chapter 13 cases. Here, there is no allegation that Mr. Sheppard violated any law, has been found guilty of any wrongdoing, or knowingly committed any fraud. The judgment and order that he disgorge funds issued by the District Court in the *Bell v. Disner* case simply does not equate to a finding that he committed fraud and that the debt should be determined to be nondischargeable.

As stated above, § 523(a)(2)(A) of the Bankruptcy Code prohibits the discharge of any enforceable obligation for money, property, services, or credit, to the extent that the money, property, services, or credit were obtained by fraud, false pretenses, or false representations. *Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010). The creditor bears the burden of proving the applicability of § 523(a)(2)(A) by a preponderance of the evidence. It has been consistently held that making out a claim of

---

[2] The current case is a Chapter 13 case and by application of 11 U.S.C. § 1328(a)(2) the exception to discharge for a violation a federal securities laws found in § 523(a)(19) is inapplicable. However, the court's reasoning in the *Sherman* case is informative to the issues in this AP.

non-dischargeability under § 523(a)(2)(A) requires the creditor to demonstrate five elements:

(1) the debtor made representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations; and

(5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*Id.; see also Bennett v. Smith (In re Smith)*, AP No. 05-2079, 2006 LEXIS 3196, *15 (Bankr. M.D.N.C. 2006). Moreover, Rule 9(b) of the Federal Rules of Civil Procedure, made applicable in this AP by Federal Rule of Bankruptcy Procedure 7009, "requires that all averments of fraud or mistake must state the circumstances constituting the fraud or mistake with particularity." *In re Herring,* 191 B.R. 317, 320 (Bankr. E.D.N.C. 1995); *see also In re Shaver,* No. 96-6005, slip op. at 4 (Bankr. M.D.N.C. May 6, 1996) (case dismissed where complaint contained no specific allegations of the debtor's "actual fraud").

Here the Complaint merely alleges that because Mr. Sheppard invested in what turned out to be a Ponzi scheme, he committed actual fraud. The Complaint is devoid of any specific facts or allegations of false representations, false pretenses, actual fraud, or Mr. Sheppard's intentions and state of mind. Further, there can be no showing of reliance as the party advancing the funds to Mr. Sheppard was ZeekRewards, and ZeekRewards was the entity operating the Ponzi scheme.

For the reasons stated herein, Plaintiffs A.P. Complaint should be dismissed.

Respectfully submitted this the 25th day of January, 2021.

SASSER LAW FIRM

By: s/ Travis Sasser
Travis Sasser, State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, N.C. 27518
Tel: 919-319-7400
Fax: 919-657-7400

## CERTIFICATE OF SERVICE

I, Travis Sasser of Cary, NC, certify:

That I am, and at all times hereinafter mentioned, was, more than eighteen (18) years of age;

That on the date stated, I served copies of the foregoing Motion, postage prepaid, U.S. regular, first class Mail, enclosed in an envelope properly addressed to the persons and entities listed below:

Mark A, Pinkston
Attorney for Plaintiff
***Served Electronically***

John F. Logan
Chapter 13 Trustee
***Served Electronically***

Marjorie K. Lynch
Bankruptcy Administrator
***Served Electronically***

Michael Kreg Sheppard
7009 Marsham Way
Wake Forest, NC 27587

I certify under penalty of perjury that the foregoing is true and correct.

This the 25th day of January, 2021.

SASSER LAW FIRM

By: s/ Travis Sasser
Travis Sasser, State Bar No. 26707
2000 Regency Parkway, Suite 230
Cary, N.C. 27518
Tel: 919-319-7400
Fax: 919-657-7400